WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IDAHO BUSINESS HOLDINGS, LLC,,) | No. CV-06-2137-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| CITY OF TEMPE, ) | |
| Defendant. ) | |

On August 8, 2007, this court held a comprehensive hearing on the parties' "Joint Motion and Stipulation to Seal Proposed Consent Judgment and Settlement Agreement" (doc. 42). The court advised the parties that their proposed consent judgment was utterly unacceptable. The court has an independent obligation to satisfy itself that a proposed consent decree is consistent with the Constitution and laws of the United States and does not undermine the public interest or the interests of third parties. *United States v. Oregon,* 913 F.2d 576, 581 (9th Cir. 1990); *Kasper v. Board of Election Commissioners*, 814 F.2d 332, 338 (7th Cir. 1987).

The proposed consent decree in this case would have this court declare certain Arizona statutes in violation of the Arizona Constitution in order to allow plaintiff to operate its business in violation of state law. No federal court exercising its jurisdiction under Article III of the United States Constitution should ever do that by consent of the parties. A federal

1 court has a solemn obligation to avoid constitutional adjudication when it can do so, even
2 where the parties present a live case or controversy.  But here, the parties purport to have
3 settled their case and thus there is no longer a case within the meaning of Article III in which
4 it would be appropriate to adjudicate a constitutional question.  Moreover, before this court
5 would ever adjudicate a constitutional  issue, it would have to satisfy itself of the rectitude
6 of the decision.  It could never do so by consent of the parties.

7       In a recent case strikingly similar to ours, the United States Court of Appeals for the
8 Ninth Circuit reversed a district court's approval of a settlement agreement in which the City
9 of Los Angeles granted a conditional use permit in violation of state zoning laws.  *League*
10 *of Residential Neighborhood Advocates v. Los Angeles*, No. 06-56211 (9th Cir. Aug. 21,
11 2007).  Concluding that the settlement agreement was invalid and unenforceable, the court
12 stated that "[b]efore approving any settlement that authorizes a state or municipal entity to
13 disregard its own statutes in the name of federal law, a district court must find that there has
14 been or will be an *actual* violation of that federal law."  Slip op. at 10193-94.  "A federal
15 consent decree or settlement agreement cannot be a means for state officials to evade state
16 law."  *Id.* at 10188.

17       The parties' proposed consent decree would mislead the public into believing a federal
18 court required the City to allow plaintiff to run its business in violation of state law, when,
19 in fact, the City is choosing to ignore state law.  We will not "place our imprimatur" on the
20 proposed consent decree or settlement agreement and "effectively authorize[ ] the City to
21 disregard its local ordinances."  *Id.* at 10193.  If the City of Tempe elects to ignore state and
22 local zoning laws, it will do so at its own peril, without the sanction of this court.

23       In addition, we advised the parties that their proposed consent decree and settlement
24 agreement raised other substantial questions about the public interest.  The settlement
25 agreement proposed that plaintiff would pay its lawyer to represent the City in connection
26 with the agreement.  *See* agreement, ¶ 8(g) at 8-9.  This obvious conflict of interest  would
27 compromise the substantial interests of the citizens of Tempe in the enforcement of state and
28 local restrictions of sexually oriented businesses. The proposed agreement would keep the

agreement confidential.  This is directly contrary to the public interest in knowing what its publicly elected officials are doing and plainly violative of *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Foltz v. State Farm*, 331 F.3d 1122 (9th Cir. 2003).

At the hearing on this matter, counsel for the City of Tempe could not give this court a single reason that would justify any of these provisions.  Indeed, this court was left with the conclusion that the citizens of Tempe were not being well served here.  We do not know whether this attempt to conceal this bad arrangement for the City from public view is driven by counsel or by the City's representatives.  Either way, it is wrong.  The citizens of Tempe are entitled to know the terms of the settlement agreement their representatives have entered on their behalf.

On the day after our hearing, the parties filed a "Stipulated Notice of withdrawal of Proposed Consent Judgment" (doc. 45).  Under Rule 41(a)(1). Fed . R. Civ. P., the parties may dismiss their action without court order based upon their stipulation.  In light of the notice of dismissal, IT IS ORDERED as follows:

1. the "Joint Motion and Stipulation to Seal Proposed Consent  Judgment and Settlement Agreement" is DENIED for the failure of the parties to show any compelling interest to conceal from the public what they were trying to do.  *Kamakana v. City of Honolulu, supra, Foltz v. State Farm, supra.*  Under General Order 05-23, after the denial of a motion to seal "the proposed document will be returned to the filer."  In addition, given the nature of the proposed consent judgment and settlement agreement, the clerk shall maintain a copy under seal in order to preserve the integrity of the record in this case.

2. the parties having filed a stipulation of dismissal within the meaning of Rule 41(a)(1), Fed. R. Civ. P., this action is terminated.

DATED this 22nd day of August, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge